Quality Comprehensive Medical Care, P.C., as Assignee of Harun Triplett, Appellant,
against
New York Central Mutual Fire Insurance Company, Respondent.




Law Offices of Melissa Betancourt, P.C. (Melissa Betancourt of counsel), for appellant.
Nightingale Law, P.C. (Michael S. Nightingale of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa Kennedy, J.), entered August 22, 2017. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.




ORDERED that the order is modified by providing that defendant's motion for summary judgment dismissing the complaint is granted only to the extent of dismissing so much of the complaint as sought to recover in excess of $425.88 upon each of the claims at issue; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment. Defendant denied plaintiff's claims on the ground that the services at issue were not medically necessary and on the ground that the fees charged exceeded the amount permitted by the workers' compensation fee schedule. 
Defendant failed to establish that the services provided lacked medical necessity (see Delta Diagnostic Radiology, P.C. v Integon Natl. Ins. Co., 24 Misc 3d 136[A], 2009 NY Slip Op 51502[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Delta Diagnostic Radiology, P.C. v American Tr. Ins. Co., 18 Misc 3d 128[A], 2007 NY Slip Op 52455[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; A. Khodadadi Radiology, P.C. v NY Cent. Mut. Fire Ins. Co., [*2]16 Misc 3d 131[A], 2007 NY Slip Op 51342[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). However, contrary to plaintiff's contention, the affidavit executed by defendant's certified medical coder, submitted in support of defendant's motion, established that, to the extent that plaintiff sought to recover fees in excess of $425.88 for each bill, the amount sought exceeded the amount permitted by the workers' compensation fee schedule (see e.g. Sama Physical Therapy, P.C. v American Tr. Ins. Co., 53 Misc 3d 129[A], 2016 NY Slip Op 51359[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Accordingly, the order is modified by providing that defendant's motion for summary judgment dismissing the complaint is granted only to the extent of dismissing so much of the complaint as sought to recover in excess of $425.88 upon each of the claims at issue.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 25, 2019